# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Hlao V.,[1]

        Petitioner,

v.

Markwayne Mullin, *Secretary, Department of Homeland Security*; Todd Blanche, *Acting Attorney General*; Todd M. Lyons, *Acting Director, Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*;

        Respondents.

File No. 26-CV-2750 (JMB/DJF)

**ORDER**

---

Daniel P. Suitor, Minneapolis, MN, for Petitioner Hlao V.

Worthington Phillips and David W. Fuller, United States Attorney's Office, Minneapolis, MN, for Respondents Markwayne Mullin, Todd Blanche, Todd M. Lyons, and David Easterwood.

---

This matter is before the Court on Petitioner Hlao V.'s Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. (Doc. No. 1 [hereinafter, "Pet."].) Respondents Markwayne Mullin, Todd Blanche, Todd M. Lyons, and David Easterwood are named in the Petition. For the reasons explained below, the Court grants the Petition.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

## FINDINGS OF FACT

1. Hlao V. is a native of Laos and a member of the Hmong ethnic minority. (Pet. ¶ 7.) He entered the United States in 1991 as a refugee. (*Id.* ¶ 12.) He received lawful permanent resident status retroactive to 1991. (*Id.* ¶ 14.)

2. Hlao V. has a criminal record. (*Id.* ¶ 15.) He has a 2014 conviction for gross misdemeanor fifth degree criminal sexual contact, a 2015 conviction for misdemeanor careless driving, and a 2025 conviction for felony burglary. (*Id.*)[2]

3. Hlao V. was ordered removed from the United States on August 7, 2014. (*Id.* ¶ 16.) He served around 90 days of immigration detention. (*Id.* ¶ 17.)

4. On December 12, 2014, Hlao V. was placed on an Order of Supervision pursuant to 8 C.F.R. §§ 241.5 and 241.13 due to evidence that there was no significant likelihood of his removal in the reasonably foreseeable future. (*Id.* ¶ 17; Doc. No. 7-3 at 3.)

5. On May 21, 2026, an immigration officer issued an arrest warrant, determining that there was probable cause that Hlao V. was removable based on "biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the

---

[2] Respondents attach the Declaration of William Robbinson, which includes a purported summary of Hlao V.'s criminal history. (*See* Doc. 7 ¶¶ 6–8, 12–15.) The summary of criminal history in the Declaration, however, differs from the information in the supporting documents attached to the Declaration and from the summary in the Petition—including in the listing of offenses, specifying the dates of convictions, and stating the types of dispositions for these offenses. (*See* Doc. No. 7-1 at 3; 7-6 at 3; Pet ¶ 15.) Given these discrepancies and absent inclusion of the criminal records themselves, the Court declines to rely on the criminal history summary in the Declaration.

subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law." (Doc. No. 7-4.)

6.      The warrant's Certificate of Service section notes that the immigration officer served the warrant on May 21, 2026, with the "(Location)" marked as "Anoka, MN." (*Id.*)  The names of both the authorizing immigration officer and the officer who served the warrant are both redacted. (*Id.*)

7.      Respondents took Hlao V. into physical custody at some time on May 21, 2026. (*Id.* ¶ 22.)  Hlao V. had spent one night in the Anoka County Jail on a probation violation, and ICE agents entered the jail and removed him directly from county detention and placed him under arrest. (*Id.*)

8.      Also on May 21, 2026, at 2:02 p.m., Easterwood signed a "Notice of Revocation of Release" (the Notice), explaining that release had been revoked because Hlao V. violated a condition of his release. (Doc. No. 7-5 at 1.)  Specifically, the Notice stated that "ICE records indicate that you are not in compliance with the OSUP because you have failed to provide the ICE/ERO Office with a valid passport or travel document. In addition, you have failed to check in w/ICE since 2024, Pending 5th Deg Drug Poss." (*Id.*)

9.      The Proof of Service section of the Notice provides that the deportation officer (name redacted) served Hlao V. with the revocation notice the next day, on May 22, 2026, at 10:31 a.m. (*Id.* at 2.)  An officer also provided an informal interview, for which Hlao V. made a statement. (Doc. No. 7-5.)

10.      On May 22, 2026, Hlao V. filed a Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2241.  (Pet.)  He seeks immediate release.  (*Id.* at 28–29.)  Among other arguments, Hlao V. claims that his May 21, 2026, re-detention violates 8 U.S.C. 1231 because "Respondents have not taken any steps or made any efforts to execute the removal order," the Respondents violated his Fifth Amendment Due Process rights because removal "is not substantially likely to occur in the reasonably foreseeable future," and "ICE did not comply with its own regulations under 8 C.F.R. § 241.13."  (*Id.* ¶¶ 82, 86, 101.)

11.     Hlao V. remains detained at the Sherburne County Jail.  (*Id.* ¶ 7.)

## DISCUSSION

Hlao V. seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, requesting that the Court declare that his detention is unlawful and order Respondents to release him from custody.  (Pet. at 28–29.)  For the reasons discussed below, the Court grants the Petition.

### A.     Constitutional Guarantee of Habeas Review and Due Process

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025).  For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law."  *Hamdi*, 542 U.S. at 525 (quotation omitted).  The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention."  *Deng*

4

*Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Jose J.O.E. v. Bondi*, No. 25-CV-3051 (ECT/DJF), 2025 WL 2466670, at *5 (D. Minn. Aug. 27, 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

In addition, the Court concludes that it has jurisdiction to hear this Petition. Under section 2241, federal courts have jurisdiction to order the release of a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. More specifically, federal courts have jurisdiction to decide section 2241 petitions for habeas corpus filed by persons who remain detained after a deportation order has become final. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001). Because Hlao V. does not challenge the removal order but instead challenges the revocation of his supervised release and his continued detention, the Court has jurisdiction to decide the questions raised about the lawfulness of Hlao V.'s current re-detention.

### B. Violation of Regulations Governing Revocation of Supervised Release

Hlao V. asserts that his detention is unlawful and that he should be immediately released because Respondents, having previously released him on an Order of Supervision, violated applicable regulations by re-detaining him. Given Respondents' limited response concerning compliance with the requisite procedures at section 241.13, the Court agrees with Hlao V. and grants the Petition on this basis.[3]

---

[3] Hlao V. also asserts that his re-detention violated the Fourth and Fifth Amendments of the U.S. Constitution. (Pet. ¶¶ 84–98.) Because the Court concludes that ICE has violated its own regulations in re-detaining Hlao V., such that his current detention is unlawful, the Court need not address these alternative arguments.

Specific regulations control the federal government's ability to detain, release, and revoke the release of noncitizens subject to orders of removal.[4]  Government agencies are required to follow their own regulations.  *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *Sarail A. v. Bondi*, No. 25-CV-2144 (ECT/JFD), 2025 WL 2533673, at *2 (D. Minn. Sep. 3, 2025).  Section 241.13 applies when ICE has previously determined that there is no significant likelihood that the noncitizen will be removed in the reasonably foreseeable future, provided that no special circumstances justify continued detention.  8 C.F.R. § 241.13(g).

When an individual is released pursuant to section 241.13, that release can be revoked on two grounds: violation of supervised release or changed circumstances. 8 C.F.R. § 241.13(i).  Under the latter, ICE "may revoke [a noncitizen's] release under this section and return the [noncitizen] to custody if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." *Id.* § 241.13(i)(2). In either case—violation of supervised release or changed circumstances—the regulations require ICE to notify the noncitizen "[u]pon revocation . . . of the reasons for revocation of his or her release" and to conduct an initial informal interview promptly after the noncitizen's return to custody to afford the noncitizen an opportunity to respond to the reasons for revocation stated in the notification.  *Id.* § 241.13(i)(3).  Section 241.13 also places the burden on ICE to establish

---

[4] The Court uses the term "noncitizen" instead of the term "alien."

that "changed circumstances" justified the revocation of release. *Roble v. Bondi*, No. 25-CV-3196 (LMP/LIB), 2025 WL 2443453, at \*4 (D. Minn. Aug. 25, 2025); *Escalante v. Noem*, No. 9:25-CV-00182-MJT, 2025 WL 2206113, at \*3 (E.D. Tex. Aug. 2, 2025); *Nguyen v. Hyde*, No. 25-CV-11470-MJJ, 2025 WL 1725791, at \*3 n.2 (D. Mass. June 20, 2025).

Here, the Court concludes that Respondents have not met their burden under section 241.13. Respondents attached the Notice of Revocation of Release, dated May 21, 2026, signed at 2:02 p.m., and served the following day at 10:31 a.m. (*See* Doc. No. 7-5 at 2.) However, the record does not show what time Respondents detained Hlao V., and so Respondents have not established that their decision to revoke Hlao V.'s release occurred before Respondents arrested him. Absent any evidence in the record to show that the decision to revoke release was not an after-the-fact justification for Hlao V.'s detention, the Court cannot conclude that Respondents complied with section 241.13(i)(3).

Accordingly, Hlao V. has shown that ICE's re-detention of him on May 21, 2026, violated the law. Hlao V.'s Petition is granted, and he must be released immediately.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Petitioner Hlao V.'s Petition for a Writ of Habeas Corpus (Doc. No. 1) is GRANTED AS FOLLOWS:

1.   Respondents are ORDERED to release Petitioner Hlao V. <u>immediately</u>, subject to the same conditions as his prior order of supervision, and in any event no later than 4:00 p.m. CT on May 29, 2026.

2.      On or before <u>11:00 a.m. CT on June 1, 2026</u>, counsel for Respondents shall file a letter affirming that they have released Petitioner Hlao V.

3.      On or before <u>11:00 a.m. CT on June 1, 2026</u>, counsel for Respondents shall also file a declaration pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms with supporting documentation that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation).  Respondents must submit each of the following three forms to affirm return of Petitioner's property: I-77, I-216, and G-589.  If Petitioner's property is lost, Respondents must also submit form I-387, "Report of Detainee's Missing Property."  If Respondents cannot provide one or more of these forms, Respondents must address why they are unable to do so.

4.      Petitioner Hlao V. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 20 U.S.C. § 2412(d).

5.      To the extent Petitioner Hlao V. seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  May 28, 2026                                   /s/ *Jeffrey M. Bryan*
                                                       Judge Jeffrey M. Bryan
                                                       United States District Court

8